639 S.E.2d 753

**In re: SKYELAN H., Earl K., Mersadies K. and Cody K.**

**No. 33135.**

Supreme Court of Appeals of West Virginia.

Submitted: Oct. 25, 2006.

Decided: Nov. 17, 2006.

Anita Harold Ashley, Esq., Spencer, Guardian Ad Litem for Appellants.

Drew Patton, Esq., Spencer, for Appellee Earl K.

Thomas N. Whittier, Esq., Hedges, Jones, Whittier & Hedges, Spencer, for Appellee Dawn K. (now Dawn B.).

Darrell V. McGraw, Jr., Attorney General, Rebecca Stollar Johnson, Assistant Attorney General, Charleston, for Appellee West Virginia Department of Health & Human Resources.

PER CURIAM.

In this appeal from the Circuit Court of Roane County, we are asked to consider a circuit judge's order that dismissed an abuse and neglect petition involving four children that was filed by the West Virginia Department of Health and Human Resources ("DHHR"). While we find the judge's decision was likely correct based upon the evidence presented by the parties, we reverse based upon the new circumstances presented during the parties' arguments before this Court.

I.

The respondents in this case are Dawn K. (now Dawn B.) and Earl K.; they separated prior to the filing of the DHHR's petition in this case and are now divorced. Dawn is the mother of Skyelan H., whose natural ·father is unknown. Dawn and Earl are the parents

of three other children: Earl K., Jr.; Mersadies K.; and Cody K.

In mid-April 2005, Mersadies was diagnosed with a severe pelvic infection that required a two-week hospitalization. On April 19th, the DHHR filed an abuse and neglect petition against both Dawn K. and Earl K. claiming that Mersadies was hospitalized only as a result of the DHHR's intervention, and alleged Dawn's inaction in seeking medical treatment constituted a threat to the safety and welfare of the four children (who were between the ages of two and five when the petition was filed). The DHHR also alleged that the respondents abused and/or neglected the children by allowing the oldest child, Skyelan, to accrue too many absences from kindergarten; by not having sufficient stocks of food in the house; and by Earl's past repeated bouts of domestic violence against Dawn. Based upon the DHHR's allegations, the circuit court entered an emergency order permitting the DHHR to remove the children from the household and place them in foster care.

After four hearings, on November 23, 2005, the circuit court entered a detailed order dismissing the DHHR's petition. The circuit court concluded that, while the mother had exhibited some mistakes of judgment and had poor budgeting skills, the DHHR had failed to prove by clear and convincing evidence that those errors constituted abuse or neglect.

Following entry of the dismissal order, on December 5, 2005, the guardian *ad litem* for the children revealed to the circuit judge some medical records suggesting that three of the children may have been subjected to sexual abuse. When that abuse occurred, and whether the respondents caused, contributed to, or could have prevented the abuse, was not offered. The guardian *ad litem* then moved the circuit judge for a stay of the dismissal order. The circuit judge denied the motion in an order dated January 17, 2006. The guardian *ad litem* now appeals the circuit judge's orders; the DHHR did not appeal the circuit judge's actions.

## II.

■ In this case we are guided by two principles. First, the findings of a circuit court in an abuse and neglect case will not be set aside by a reviewing court unless they are clearly erroneous—that is, although there is evidence to support the findings, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. Syllabus Point 1, *In the Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996). Second, "[a]lthough parents have substantial rights that must be protected, the primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the children." Syllabus Point 3, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996).

■ The guardian *ad litem* for the children argues on appeal that the circuit court erred in concluding that the DHHR failed to establish that the allegations contained in the petition rose to a level of legal "abuse or neglect." *See W.Va.Code*, 49–1–3 [2006]. The respondent parents persuasively argue that the circuit court's decision dismissing the petition was correct. If the attention of this Court were solely upon the petition and the circuit court's decision thereon, our inclination is that the decision was correct.

We are, however, troubled by the additional evidence submitted into the record after the circuit court's decision. After entry of the court's dismissal order, the guardian *ad litem* proffered to the court evidence suggesting that three of the children may have been victims of sexual abuse. While the evidence, standing alone, proves nothing, the circuit court should have taken a more proactive role in compelling a further investigation of the evidence. In other words, we believe that the circuit court was empowered to demand that the DHHR investigate and report to the circuit court whether the evidence could or should be the basis of further action to protect the interest of the children. *See, e.g., Rules of Procedure for Child Abuse and Neglect Proceedings*, Rule 3a [2006]; *Rules of Practice and Procedure for Domestic Violence Civil Proceedings*, Rule 25a [2006].

Further compounding our difficulty in resolving this case is a revelation by the parties during oral arguments before this Court: that a new petition alleging abuse and neglect has been filed against Dawn B. regard-

ing the children. It appears that the circuit court has as a result of the new petition removed the children from the respondent mother's custody, and placed the children with the respondent father, Earl K.

On the basis of the parties' statements during oral argument, we find that the result which will best protect the interests of the children is to reverse the circuit court's decisions and remand the case. On remand, the court should give full consideration to the allegations raised by the guardian *ad litem* in this appeal, in conjunction with any allegations of abuse and neglect raised in the petition currently pending before the circuit court.

### III.

The circuit court's November 23, 2005 and January 17, 2006 orders are reversed. The case is remanded, and the circuit court is ordered to consolidate this case with any pending petitions involving the children, and to fully consider all evidence pertaining to the alleged abuse and neglect of the children.

Reversed and Remanded with Directions.